**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KENDRICK ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02133-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| EQUIFAX, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
TO GRANT MOTION TO DISMISS**

In February 2025, Pro se Plaintiff Kendrick Robinson sued Defendant Equifax alleging a "[violation] of the Fair Credit Reporting Act . . . ." (ECF No. 2 at PageID 2.)  Under Administrative Order No. 2013-05, this Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters.  Judge Pham issued a Report and Recommendation ("R&R") in August 2025, recommending that the Court grant Defendant's Motion to Dismiss and dismiss the Amended Complaint.  (ECF No. 20.)  In the R&R, Judge Pham notified both parties that they had 14 days to object.  Neither party objected.

In the R&R, Judge Pham recommends dismissing Plaintiff's Amended Complaint for failure to state a claim.  (*Id*. at PageID 214.)  For the reasons below, this Court **ADOPTS** the R&R.

**<u>BACKGROUND AND THE R&R</u>**

Plaintiff sued here in February 2025.  (ECF No. 2.)  He also moved for other relief, including two motions seeking to disqualify Judge Pham.  (*See* ECF Nos. 15, 17.)  He amended

his Complaint about three weeks after suing.  (ECF No. 13.)  The Amended Complaint is one long paragraph that is hard to parse.

> I Kendrick Robinson is [filing] an amended [complaint] under the violation of the Fair Credit Act 15 USC 1681 vs Equifax Inc for credit errors on my credit report that was remove and my credit score was not calcuated correctly. On Nov 20 2024 I [filed] a lawsuit [against] Equifax Inc for violation of the fair credit act case number 224 cv 02906. On Jan 30 see attached Equifax Inc lawfirm Seyfarth thought is attorney vacante paige agree to settle lawsuit by give me 2500 hundred dollars and removing bankruptcy 2323628 bankruptcy 2225460 bankruptcy 2223903 bankruptcy 2316431 one main finace which is a auto account and all 4 hard inquires. Before they [removed] the items my credit score was a 614 see attached after the remove my score drop 25 points see attached. Based on previous disputes see [attached] when I dispute a hard inquiry on Jan 10 2025 it was remove I gain 3 points so when 4 inquries were remove on Feb 3 2025 I should have when from 614 to 626. on sept 24 2024 I dispute a auto account mission financial it was remove I recivce 6 points see attached. Equifax agree to remove one main finanicial see attached which should have taking me from 626 to 632. I had for 4 bankrupty remove see attached according to the fico score calcuation I should have see a 30 to 100 point increase[] which would have [taken] me well into the upper to late 700. but instead my score drop 25 points this a violation of the Fair Credit Act and I ask that my score be corrected and Im seeking 100,000 dollars for puntive damages because this is the second time I had to suit Equifax Inc[.]

(ECF No. 20 at PageID 207.)

Defendant moved to dismiss the Amended Complaint in March 2025.  (ECF No. 10.)  In his R&R, Judge Pham had to infer the cause of action because Plaintiff did not specify which provision of the Fair Credit Reporting Act ("FCRA") he claimed Defendant violated.  (ECF No. 20 at PageID 209–12.)  After identifying the two most likely provisions—15 U.S.C. §§ 1681e(b) and 1681i—Judge Pham evaluated the elements of each and determined that Plaintiff has not stated a claim under either.  (*Id.* at PageID 212–14.)  He therefore recommends granting Defendant's Motion to Dismiss because Plaintiff fails to state a claim upon which relief can be granted.

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Judge Pham entered his R&R on August 11, 2025.  Because neither party objected, the Court reviews the R&R for clear error.

**DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R.  In fact, the Court agrees with his well-reasoned analysis.

Judge Pham begins by correctly laying out the elements of 15 U.S.C. §§ 1681e(b) and 1681i claims.  (ECF No. 20 at PageID 211.)  A § 1681e(b) requires that "(1) the defendant entity reported inaccurate information about the plaintiff; (2) the defendant negligently or willfully failed to follow reasonable procedures to ensure maximum possible accuracy of plaintiff's information; (3) plaintiff was injured; and (4) the defendant's conduct was the proximate cause of plaintiff's injury."  (*Id.* (citing *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024).)  And then he notes that "[t]he framework for claims under Section 1681i is almost identical, except that a plaintiff need not show that the defendant distributed a credit report to a third party."  (*Id.* (citing *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024).)

Judge Pham notes that Plaintiff "does [not] allege that Equifax is a 'consumer reporting agency' subject to the FCRA." (*Id.* at PageID 212 (citing *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014).) And he continues that "even assuming [Defendant] is a consumer reporting agency" Plaintiff has not alleged enough facts to show "that his new, lower credit score was in fact inaccurate." (*Id.*) Plaintiff makes only a conclusory allegation that his disputed credit score is inaccurate, and that is not enough to plausibly assert a claim under §§ 1681e(b) and 1681i. (*Id.* at 212–13 (citing *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 536 (6th Cir. 2024) ("[A] showing of inaccuracy is an essential element of a § 1681i claim.").)

Judge Pham points out that Plaintiff has not alleged that he has suffered a cognizable injury. (*Id.* at PageID 213.) Plaintiff only asserts that his credit score inaccurately dropped but not that the lower score caused him any actual damages, "such as denial of a credit application or being subjected to a higher interest rate." (*Id.* (citing *Adams v. Fifth Third Bank*, No. 3:16-CV-00218- TBR, 2017 WL 561336, at *7 (W.D. Ky. Feb. 10, 2017) ("Other courts to consider this same issue have ruled that a lower credit score, without more, does not constitute an 'actual damage[]' for purposes of the FCRA.").

Judge Pham concludes that Plaintiff "does not provide factual allegations detailing how [Defendant]'s conduct was unreasonable" or that Defendant even knew that Plaintiff sought to dispute his credit score. (*Id.* (citing *Alexander v. Equifax Info. Servs., LLC*, No. 2:23- cv-02556-SHM-atc, 2025 WL 448743, at *6 (W.D. Tenn. Feb. 10, 2025) ("Plaintiff's § 1681i claim relies on conclusory statements without specific factual allegations about how [defendant's] reinvestigation was unreasonable."). The Court agrees with Judge Pham's analysis of the

Amended Complaint.  Plaintiff has failed to allege enough facts to plausibly establish the first, second, and third elements of §§ 1681e(b) and 1681i claims.

Having found no clear error, the Court therefore **ADOPTS** the R&R to dismiss this action.

### CONCLUSION

The Court has reviewed Judge Pham's R&R and finds no clear error.  And so the Court **ADOPTS** the R&R.  Accordingly, the Court **DISMISSES** Plaintiff's Claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 26th day of March, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE